IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11202
_____


MID-CONTINENT CASUALTY COMPANY,

                                        Plaintiff-Appellee,

                    versus

KALVIN LYNCH; ET AL.,

                                        Defendants,

BOB WHITE; JEAM WHITE,

                                        Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:97-CV-938-Y)
_____

August 19, 1999

Before JOLLY and SMITH, Circuit Judges, and VANCE,[*] District Judge.

PER CURIAM:[**]

Kalvin Lynch, an employee of B&B Detail Shop ("B&B"), got into an accident with a car driven by Bob White while he was picking up a co-worker's son from school in a car that was being serviced by B&B.  The car was owned by New Vandergriff Chevrolet ("New Vandergriff"), and insured by Mid-Continent Casualty Company ("Mid-Continent").  This case involves a declaratory judgment action

[*]District Judge of the Eastern District of Louisiana, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

brought by Mid-Continent asking the court to declare that it has no duty to defend or indemnify Kalvin Lynch. The district court granted summary judgment in favor of Mid-Continent on the basis of a clause in the insurance agreement that excluded coverage when the vehicle was operated by "[s]omeone using a covered auto while he or she is working in a business of selling, servicing, repairing, parking or storing autos unless that business is your [i.e., New Vandergriff's] garage operations."

On appeal, the Whites argue that the district court erred in interpreting and applying this exclusion because (1) Kalvin Lynch was not in the business of servicing or repairing autos at the time he had the accident, (2) even though B&B is not owned by New Vandergriff, it still should be regarded as part of New Vandergriff's garage operations, and (3) even if the exclusion did apply, it would leave the vehicle without insurance coverage and therefore violate the Texas Motor Vehicle Safety Responsibility Act, Tex. R. Civ. Stat. Ann. art. 6701h § 601. Having reviewed the record, studied the briefs, and considered the oral arguments presented to this court, we find no error in the district court's well articulated opinion. We therefore AFFIRM the judgment of the district court.

A F F I R M E D.